UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

IN RE:

RICA S. APPLING,

    Debtor.
_____/

ARVIND MAHENDRU,
AS CHAPTER 7 TRUSTEE OF
THE ESTATE OF RICA S.
APPLING,

    Plaintiff,

vs.

SANTANDER CONSUMER USA, INC.
D/B/A CHRYSLER CAPITAL

    Defendant.
_____/

Case No. 6:18-bk-05819-KSJ
Chapter 7

ADV. NO. 6:19-ap-00043-KSJ

## ANSWER TO ADVERSARY COMPLAINT

    Defendant, Santander Consurmer USA, Inc. d/b/a Chrysler Capital ("Santander"), by and through its undersigned counsel, hereby responds to the corresponding paragraphs of the Adversary Complaint as follows:

    1.    Admitted.

    2.    Admitted for jurisdictional purposes only.

    3.    Admitted for jurisdictional purposes only.

    4.    Admitted.

    5.    Without knowledge and therefore denied.

    6.    Admitted.

    7.    Admitted.

    8.    Admitted that the Defendant's employees acted within the course and scope of their employment with the consent, permission and authorization of Defendant. Denied as to the remainder of this paragraph.

    9.    Denied.

10. Admitted that Plaintiff owed a debt to Defendant relating to the account number as alleged, and in the approximate amount as alleged.

11. Without knowledge and therefore denied.

12. Admitted that Defendant called Debtor's cellular telephone in some of the months in the stated time period, but denied that Defendant called Debtor's cellular telephone in all of the months in the stated time period.

13. Denied.

14. Denied.

15. Admitted.

16. Admitted that Defendant called Plaintiff after the vehicle was sold and a deficiency was established. Denied that the Plaintiff ever advised Defendant she was unable to pay the deficiency balance.

17. Denied.

18. Admitted for jurisdictional purposes only.

19. Defendant realleges its responses to paragraphs 1-17 as set forth above.

20. Paragraph 20 merely states a legal conclusion and therefore no response is required. Defendant refers all questions of law to the Court. To the extent a response is required, Defendant denies and demands strict proof thereof.

21. Paragraph 21 is merely a partial recitation of a Florida Statute, and therefore no response is required. Defendant would assert that the Statute speaks for itself.

22. Denied.

23. Denied.

24. Denied

25. Denied.

## **FIRST AFFIRMATIVE DEFENSE**

The purpose of Defendant's telephone calls to Plaintiff was not to harass Plaintiff, but rather to remind Plaintiff of the debt, to find out the reasons for non-payment, to determine Plaintiff's intent as to the collateral, and to try and work out payment arrangements to avoid litigation.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred as Debtor suffered no concrete harm or damages from the alleged violations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that any violation was unintentional and resulted from a good faith error notwithstanding the fact that Defendant maintained procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a valid cause of action. The complaint alleges a violation of Florida Statute 559.72(7) based solely on the number of calls made, which is insufficient by itself to establish a violation of said statute.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped from alleging a violation of the FCCPA, as it was her own actions, in failing to advise Defendant of her intent as to the subject collateral, that contributed to the number of calls made to her.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate damages by not advising Plaintiff of her intent as to the subject collateral.

### RESERVATION OF RIGHTS

Defendant expressly reserves its right to amend this Answer or allege additional affirmative defenses after conducting further discovery, investigation and research.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Santander Consurmer USA,Inc. d/b/a Chrysler Capital respectfully request that:

1. Plaintiff have and recover nothing;

2. Judgment be entered in favor of Defendant and against Plaintiff;

3. Defendant be awarded its costs and reasonable attorney fees as may be recoverable under the claim asserted by Plaintiff; and

4. The Court award all other relief that the Court deems just and proper.

Respectfully submitted,

DATED: March 25, 2019.

         By:  */s/ Gary J. Lublin*
           Gary J. Lublin FL Bar #542679
           Rush, Marshall, Jones & Kelly PA
           1516 East Colonial Drive
           Suite 300
           P.O. Box 3146 (Zip 32802-3146)
           Orlando, FL 32803
           Telephone: (407) 425-5500
           Facsimile: (407) 423-0554
           Email: glublin@rushmarshall.com
           Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served on this 25th day of March, 2019, by electronic notice if registered in the Electronic Case Filing system, otherwise by first class postage prepaid U.S. Mail to : Arvind Mahendru, Chapter 7 Trustee at 5703 Red Bug Lake Road, Suite 284 Winter Springs, FL 32708, Gus M. Centrone and Brian L. Shrader, Attorneys for Trustee at 612 West Bay Street, Tampa, FL 33606.

         By: /s/Gary J. Lublin
           Gary J. Lublin, FL Bar 542679
           Rush Marshall, Jones and Kelly PA